

**NORTHERN DISTRICT OF CALIFORNIA**
**UNITED STATES BANKRUPTCY COURT**
**OAKLAND DIVISION**
**1300 Clay St., #300**
**Oakland, CA 94612**
**(510) 879-3600**

*FILED*

*MAY 1 0 2007*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

Richard W. Wieking, Clerk
United States District Court
450 Golden Gate Ave.
P.O. Box 36060
San Francisco, CA 94102

# C 07    2509

Date: May 4, 2007

*SC*

*E-filing*

Re:    **Withdrawal of Reference of the**:
       Bankruptcy Case No.**: 07-40130, Compass West Fund L.P.**
       Adversary Proceeding Case No.: *None*

Dear Clerk:

Pursuant to the Motion of Withdrawal of Reference for the above-named case to your court, we are herewith transmitting a certified copy of the docket sheet, the "Motion to Withdraw Reference", the "Declaration", "Notice of Pendency of Other Action", and the "Certificate of Service".

Please acknowledge receipt on the copy of this letter and return it in the enclosed self-addressed envelope.

Sincerely,

Clerk, U.S. Bankruptcy Court
Gloria L. Franklin

BY: Joyce Krakue-Windross
Deputy clerk



## ACKNOWLEDGMENT OF RECEIPT OF CASE

The papers for the above-named case were received on:

We have assigned the following case number:

By:
Deputy Clerk

## U.S. Bankruptcy Court
## Northern District of California (Oakland)
## Bankruptcy Petition #: 07-40130

*Assigned to:* Judge Leslie J. Tchaikovsky                                        *Date Filed:* 01/12/2007
Chapter 7
Involuntary
No asset

**Debtor**                                                          represented by **Compass West Fund L.P.**
**Compass West Fund L.P.**                                                        PRO SE
6122 Acacia Avenue
Oakland, CA 94618
Tax id: 00-0000000

**Petitioning Creditor**                                            represented by **James S. Monroe**
**Roosevelt Fund, L.P.,** *Petitioner*                                            Law Offices of Nixon Peabody
c/o KS Global Advisors, Inc.                                                      2 Embarcadero Center #2700
336 Bon Air Center                                                                San Francisco, CA 94111-3996
#364                                                                              (415) 984-8200
Greenbrae, CA 94904                                                               Email: jmonroe@nixonpeabody.com
U.S.A.
*fka*
**A.A.G. Roosevelt Fund, L.P.**
*fka*
**Anira Advisory Group Roosevelt Fund, L.P.**

**Trustee**                                                         represented by **Reidun Stromsheim**
**Lois I. Brady**                                                                 Law Offices of Stromsheim and Assoc.
P.O. Box 12754                                                                    201 California St. #350
Oakland, CA 94604                                                                 San Francisco, CA 94111
(510) 452-4200                                                                    (415)989-4100
                                                                                 Email: rstromsheim@stromsheim.com

**U.S. Trustee**                                                    represented by **Laurent Chen**
**Office of the U.S. Trustee /Oak**                                               Office of the US Trustee
Office of the U.S. Trustee                                                        1301 Clay St.
1301 Clay St. #690N                                                               Oakland, CA 94612
Oakland, CA 94612                                                                 510-637-3200
(510) 637-3200                                                                    Email: Laurent.Chen@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 01/12/2007 | ❍1 | Chapter 7 Involuntary Petition. Fee Amount $299. Filed by Petitioning Creditor (s) Roosevelt Fund, L.P. (attorney James S. Monroe) (Monroe, James) (Entered: 01/12/2007) |
| 01/12/2007 | ❍2 | Summons Not Executed on Compass West Fund L.P. Filed by Roosevelt Fund, L.P. (Monroe, James) Modified on 1/16/2007 WRONG EVENT CODE USED.(vmb, ). (Entered: 01/12/2007) |
| 01/12/2007 | | Receipt of filing fee for Involuntary Petition (Chapter 7)(07-40130) [misc,invol7] ( 299.00). Receipt number 3908651, amount $ 299.00 (U.S. Treasury) (Entered: 01/12/2007) |
| 01/16/2007 | ❍ | **ERROR** WRONG EVENT CODE USED. FOR FUTURE REFERENCE USE INVOLUNTARY SUMMONS SERVICE UNEXECUTED. NO FURTHER ACTION IS REQUIRED AT THIS TIME (RE: related document(s) 2 Involuntary Summons Service Unexecuted). (vmb, ) (Entered: 01/16/2007) |
| 01/17/2007 | ❍3 | Involuntary Summons Issued on Compass West Fund L.P. . (vmb, ) (Entered: 01/17/2007) |
| 02/05/2007 | ❍4 | Summons Service Executed in an Involuntary Case on Compass West Fund L.P. 1/22/2007, Answer Due 2/12/2007 Filed by Roosevelt Fund, L.P. (Monroe, James) (Entered: 02/05/2007) |
| 02/20/2007 | ❍5 | Order for Relief In An Involuntary Case Under A Chapter 7. . Order Meeting of Creditors due by 2/27/2007. (lb, ) (Entered: 02/21/2007) |

| | | |
|---|---|---|
| 02/22/2007 | ❍6 | Stipulation to Extend Time *to respond to involuntary petition* Filed by Partner Edward Sewon Ehee (RE: related document(s)1 Involuntary Petition (Chapter 7) filed by Petitioning Creditor Roosevelt Fund, L.P., Debtor Compass West Fund L.P., 4 Involuntary Summons Service Executed filed by Petitioning Creditor Roosevelt Fund, L.P.). (Wood, James) (Entered: 02/22/2007) |
| 02/22/2007 | ❍7 | Order and Notice Regarding Failure of the Debtor(s) to File Schedules, Statements, or Other Required Documents . Non-Compliance (Documents) due by 3/12/2007 (lb, ) (Entered: 02/22/2007) |
| 02/22/2007 | ❍8 | Certificate of Service (RE: related document(s)6 Stipulation to Extend Time, ). (Wood, James) (Entered: 02/22/2007) |
| 02/23/2007 | ❍9 | BNC Certificate of Mailing (RE: related document(s)5 Order for Relief (Ch.7)). Service Date 02/23/2007. (Admin.) (Entered: 02/23/2007) |
| 02/24/2007 | ❍10 | BNC Certificate of Mailing (RE: related document(s)7 Order to File Missing Documents). Service Date 02/24/2007. (Admin.) (Entered: 02/24/2007) |
| 03/22/2007 | ❍ | Meeting of Creditors . 341(a) meeting to be held on 4/17/2007 at 11:00 AM Oakland U.S. Trustee Office (jkw, ) (Entered: 03/22/2007) |
| 03/22/2007 | ❍11 | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) . (jkw, ) (Entered: 03/22/2007) |
| 03/24/2007 | ❍13 | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)11 Generate 341 Notices). Service Date 03/24/2007. (Admin.) (Entered: 03/24/2007) |
| 04/05/2007 | ❍14 | Order Transferring Case From Judge Newsome to Judge Tchiakovsky. (lb, ) Modified on 4/5/2007 NO COURT SERVICE LIST WAS ATTACHED.(lb, ). (Entered: 04/05/2007) |
| 04/05/2007 | ❍ | Judge Leslie J. Tchaikovsky added to case . (lb, ) (Entered: 04/05/2007) |
| 04/07/2007 | ❍15 | BNC Certificate of Mailing (RE: related document(s)14 Order). Service Date 04/07/2007. (Admin.) (Entered: 04/07/2007) |
| 04/09/2007 | ❍16 | Motion for Joint Administration *and Request for a Status Conference* Filed by Petitioning Creditor Roosevelt Fund, L.P. (Monroe, James) (Entered: 04/09/2007) |
| 04/09/2007 | ❍17 | Notice of Hearing *on Roosevelt Fund, L.P.'s Motion for Joint Administration* (RE: related document(s)16 Motion for Joint Administration *and Request for a Status Conference* Filed by Petitioning Creditor Roosevelt Fund, L.P. (Monroe, James)). Hearing scheduled for 5/3/2007 at 03:00 PM at Oakland Room 201 - Tchaikovsky. Filed by Petitioning Creditor Roosevelt Fund, L.P. (Monroe, James) (Entered: 04/09/2007) |
| 04/09/2007 | ❍18 | Memorandum of Points and Authorities in of *Motion for Joint Administration and Request for a Status Conference* (RE: related document(s)16 Motion for Joint Administration). Filed by Petitioning Creditor Roosevelt Fund, L.P. (Monroe, James) (Entered: 04/09/2007) |
| 04/09/2007 | ❍19 | Request To Take Judicial Notice *in Support of Motion for Joint Administration and Request for a Status Conference* (RE: related document(s)16 Motion for Joint Administration). Filed by Petitioning Creditor Roosevelt Fund, L.P. (Monroe, James) (Entered: 04/09/2007) |
| 04/09/2007 | ❍20 | Certificate of Service (RE: related document(s)16 Motion for Joint Administration). (Monroe, James) (Entered: 04/09/2007) |
| 04/17/2007 | ❍ | Debtor (s) DID NOT Appear. Next Meeting of Creditors to be Held on 5/15/2007 at 11:00 AM at Oakland U.S. Trustee Office. Section 341 Meeting of Creditors held on 04/17/07. Tape Number: 18. Notes: (Brady, Lois) (Entered: 04/17/2007) |
| 04/18/2007 | ❍21 | Notice of Order (RE: related document(s) Debtor (s) DID NOT Appear. Debtor did not appear). (lb, ) (Entered: 04/18/2007) |
| 04/19/2007 | ❍22 | Application to Employ Stromsheim & Associates as Counsel *by Trustee* Filed by Trustee Lois I. Brady (Attachments: # 1 Certificate of Service) (Stromsheim, Reidun) (Entered: 04/19/2007) |
| 04/19/2007 | ❍23 | Declaration of Reidun Stromsheim in support of (RE: related document(s)22 Application to Employ). Filed by Trustee Lois I. Brady (Stromsheim, Reidun) (Entered: 04/19/2007) |

| 04/20/2007 | ●24 | BNC Certificate of Mailing - Order to Appear and Notice of Intent to Dismiss. (RE: related document(s)21 Notice of Order). Service Date 04/20/2007. (Admin.) (Entered: 04/20/2007) |
| 04/25/2007 | ●25 | Brief/Memorandum in Opposition to *Motion for Joint Administration* (RE: related document(s)16 Motion for Joint Administration). Filed by U.S. Trustee Office of the U.S. Trustee /Oak (Attachments: # 1 Certificate of Service) (Chen, Laurent) (Entered: 04/25/2007) |
| 04/26/2007 | ●26 | Brief/Memorandum in Opposition to *motion for joint administration* (RE: related document(s)16 Motion for Joint Administration). Filed by Partner Edward Sewon Ehee (Wood, James) (Entered: 04/26/2007) |
| 04/26/2007 | ●27 | Brief/Memorandum in Opposition to *request to take judicial notice* (RE: related document(s)19 Request To Take Judicial Notice, ). Filed by Partner Edward Sewon Ehee (Wood, James) (Entered: 04/26/2007) |
| 04/26/2007 | ●28 | Certificate of Service (RE: related document(s)26 Opposition Brief/Memorandum, 27 Opposition Brief/Memorandum). (Wood, James) (Entered: 04/26/2007) |
| 04/26/2007 | ●29 | Order Granting Application to Employ Attorney Reidun Stromsheim for Lois I. Brady Added to the Case (Related Doc # 22) (jaw, ) (Entered: 04/26/2007) |
| 04/28/2007 | ●30 | BNC Certificate of Mailing (RE: related document(s)29 Order on Application to Employ). Service Date 04/28/2007. (Admin.) (Entered: 04/28/2007) |
| 04/30/2007 | ●31 | Motion to Withdraw the Reference of the Bankrutpcy Cases of Edward Sewon Ehee, Compass Fund Management, LLC and Compass West Fund, L.P.; Memorandum of Points and Authorites Fee Amount $150. Filed by Creditor Securities And Exchange Commission (jkw, ) (Entered: 05/03/2007) |
| 04/30/2007 | ●32 | Declaration of Xavier Carlos in Support of Motion to Withdraw the Reference of the Bankrutpcy Cases of Edward Sewon Ehee, Compass Fund Management, LLC and Compass West Fund, L.P. (RE: related document(s)31 Motion for Withdrawal of Reference). Filed by Creditor Securities And Exchange Commission (jkw, ) (Entered: 05/03/2007) |
| 04/30/2007 | ●33 | Notice of Pendency of Other Action or Proceeding (RE: related document(s)31 Motion to Withdraw the Reference of the Bankrutpcy Cases of Edward Sewon Ehee, Compass Fund Management, LLC and Compass West Fund, L.P.; Memorandum of Points and Authorites Fee Amount $150. Filed by Creditor Securities And Exchange Commission (jkw, )). Filed by Creditor Securities And Exchange Commission (jkw, ) (Entered: 05/03/2007) |
| 04/30/2007 | ●34 | Certificate of Service (RE: related document(s)31 Motion for Withdrawal of Reference, 33 Notice, 32 Declaration). Filed by Creditor Securities And Exchange Commission (jkw, ) (Entered: 05/03/2007) |
| 05/03/2007 | ● | MINUTES: HEARING HELD ON 5/3/07 AT 3:00 P.M.. APPEARING: RICHARD PEDONE - FOR ROOSEVELT FUND, PETITIONING CREDITOR, JAMES WOOD (BY TEL.) - FOR DEBTOR EDWARD EHEE, REIDUN STROMSHEIM - FOR CH.7 TRUSTEE IN THE COMPASS WEST FUND CASE, LAURENT CHEN - FOR U.S. TRUSTEE. 1) THE SECURITIES AND EXCHANGE COMMISSION HAS FILED A MOTION TO WITHDRAW THE REFERENCE TO DISTRICT COURT. 2) HEARING CONTINUED TO 6/7/07 AT 3:00 P.M. PENDING THE OUTCOME OF THE MOTION. IF THE HEARING IN DISTRICT COURT IS SET FOR A DATE AFTER 6/7/07, PARTIES MAY CONTACT THE CALENDAR CLERK TO RESCHEDULE THE 6/7/07 HEARING. (RE: related document(s)16 Motion for Joint Administration *and Request for a Status Conference* Filed by Petitioning Creditor Roosevelt Fund, L.P. (Monroe, James)). Hearing to be held on 6/7/2007 at 3:00 PM Oakland Room 201 - Tchaikovsky for 16, (hb, ) (Entered: 05/04/2007) |
| 05/04/2007 | ●35 | Document: Transmittal Letter to District Court. (RE: related document(s)31 Motion for Withdrawal of Reference, 33 Notice, 34 Certificate of Service, 32 Declaration). (jkw, ) (Entered: 05/04/2007) |

I hereby certify the foregoing annexed instrument is a true and correct copy of the original on file in my office, the U.S. Bankruptcy Court, of Calif.

Dated:
MAY 0 4 2007
MAY 04 2007

By: _____
Deputy Clerk

ORIGINAL

HELANE L. MORRISON (Cal. Bar No. 127752)
JOHN S. YUN (Cal Bar No. 112260)
  yunj@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
  leachr@sec.gov
XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)
  vasquezc@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

*FILED*
2007 APR 30 PH 3: 38
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF
OAKLAND, CA. CA.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Movant, | |
| v. | DECLARATION OF XAVIER CARLOS VASQUEZ IN SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S |
| EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC, and COMPASS WEST FUND LP, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE OF THE BANKRUPTCY CASES OF EDWARD |
| Debtors | SEWON EHEE, COMPASS FUND MANAGEMENT, LLC AND COMPASS WEST FUND, L.P. |
| | 28 U.S.C. § 157(d) Local Rule 5011-2 |
| | Hearing Date:  TBD |
| In re | Case No. 07-40126T |
| EDWARD SEWON EHEE, | (Involuntary Chapter 7) |
| Debtor | |
| In re | Case No. 07-40129 |
| COMPASS FUND MANAGEMENT, LLC, | (Involuntary Chapter 7) |
| Debtor | |

I hereby certify that the foregoing/annexed
. . . . the
. . . . trait.

MAY 0 4 2007

U.S. Bankr. . .

By:
Deputy Clerk

1

2  In re                                          Case No. 07-40130

3  COMPASS WEST FUND, L.P.,                       (Involuntary Chapter 7)

                Debtor
4

5        I, XAVIER CARLOS VASQUEZ, DECLARE:

6            1. I am an attorney duly admitted to practice in the State of California, and a staff

7  attorney in the San Francisco District Office of the Securities and Exchange Commission

8  ("Commission").

9            2. On November 8, 2006, the Commission filed an action against Edward Sewon

10  Ehee ("Ehee"), Compass Fund Management, LLC ("Compass Management"), and Compass West

11  Fund LP ("Compass West") (collectively, the "Ehee Defendants"), among others, alleging violations

12  of the federal securities laws. *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI

13  (N.D. Cal.) (the "SEC Action"). At that time, Judge Illston granted the Commission's motion for a

14  temporary restraining order, enjoined the Ehee Defendants from further securities law violations, and

15  froze the Ehee Defendants' assets. I am one of the attorneys with primary responsibility for the

16  Commission's litigation in this matter.

17            3. According to publicly available court records, on November 22, 2006, one of

18  Ehee's investors, AAG Roosevelt Fund, L.P. ("AAG"), filed a complaint against Ehee and his

19  management companies alleging violations of the federal securities laws and other state law claims.

20  *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 SI (N.D. Cal.) (the

21  "AAG Action"). Both the SEC Action and the AAG Action are now before Judge Illston.

22            4. According to publicly available court records, on January 12, 2007, over two

23  months after the Commission filed its action, AAG filed Chapter 7 involuntary petitions against

24  Ehee, Compass Management and Compass Fund. *See In the Matter of Edward Sewon Ehee*, Case

25  No. 07-40126T (N.D. Cal.); *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129)

26  (N.D. Cal.); *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.). Counsel for

27  AAG in that matter is Richard Pedone from the Boston office of Nixon Peabody LLP.

28

                                                        VASQUEZ DECL. I/S/O MOTION TO
                                                        WITHDRAW REFERENCE

1    5. Between mid-March 2007 and mid-April 2007, I have had a number of telephone

2    conferences with Mr. Pedone concerning the SEC action and the involuntary bankruptcy actions filed

3    by AAG against Ehee, Compass Management and Compass West. During the course of those

4    conversations, Mr. Pedone indicated that he believed the SEC Action was stayed by the filing of the

5    bankruptcy actions and that Ehee's house was within the exclusive jurisdiction of the bankruptcy

6    court. Mr. Pedone also asserted that a court-ordered settlement conference in the SEC action was

7    stayed by the filing of the bankruptcy actions.

8    6. Mr. Pedone further indicated to me that he intended to seek the appointment of a

9    bankruptcy trustee in the bankruptcy actions and was considering asking that trustee to investigate

10   potential claims against other investors of the Ehee Defendants to determine whether investment

11   funds returned to those investors could be returned to the bankruptcy estates under a "fraudulent

12   conveyance" theory. Although I asked Mr. Pedone for evidence to support a theory that such

13   investors accepted funds from the Ehee Defendants in bad faith, he was unable to provide such

14   evidence.

15   Executed this 30th day of April, 2007, in San Francisco, California.

16

17

18   Xavier Carlos Vasquez

19

20

21

22

23

24

25

26

27

28

ORIGINAL

FILED

2007 APR 30 PH 3: 39

U.S. BANKRUPTCY
NORTHERN DIST COURT
OAKLAND, CA. OF CA.

1  HELANE L. MORRISON (Cal. Bar No. 127752)
   JOHN S. YUN (Cal Bar No. 112260)
2    yunj@sec.gov
   ROBERT S. LEACH (Cal. Bar No. 196191)
3    leachr@sec.gov
   XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)
4    vasquezc@sec.gov
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
6  San Francisco, California  94104
   Telephone:  (415) 705-2500
7  Facsimile:  (415) 705-2501

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE COMMISSION,          Case No.

12                   Movant,
                                                 CERTIFICATE OF SERVICE
13              v.

14  EDWARD SEWON EHEE, COMPASS FUND
    MANAGEMENT, LLC, and COMPASS WEST
15  FUND LP,

16              Debtors

17

18  In re                                        Case No. 07-40126T

19  EDWARD SEWON EHEE,                           (Involuntary Chapter 7)

20              Debtor

21

22  In re                                        Case No. 07-40129

23  COMPASS FUND MANAGEMENT, LLC,                (Involuntary Chapter 7)

24              Debtor

25

26  In re                                        Case No. 07-40130

27  COMPASS WEST FUND, L.P.,                     (Involuntary Chapter 7)

28              Debtor  original

MAY 04 2007

CERTIFICATE OF SERVICEE

1   I, Janet L. Johnston, am a citizen of the United States, over 18 years of age and not a party to

2   this action. On April 30, 2007, I served the following documents:

3

4   **SECURITIES AND EXCHANGE COMMISSION'S MOTION TO WITHDRAW THE
    REFERENCE OF THE BANKRUPTCY CASES OF EDWARD SEWON EHEE,
    COMPASS FUND MANAGEMENT, LLC AND COMPASS WEST FUND, LP;**

5   **MEMORANDUM OF POINTS AND AUTHORITIES**

6   **DECLARATION OF XAVIER CARLOS VASQUEZ IN SUPPORT OF SECURITIES
    AND EXCHANGE COMMISSION'S MEMORANDUM OF POINTS AND**

7   **AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE
    OF THE BANKRUPTCY CASES OF EDWARD SEWON EHEE, COMPASS FUND**

8   **MANAGEMENT, LLC AND COMPASS WEST FUND**

9   **NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**

10  **LETTER TO CLERK OF THE COURT, U.S. BANKRUPTCY COURT, DATED
    4/30/07**

11

12  I served true and correct copies via **Federal Express** addressed to the following:

13  Ismail Ramsey, Esq.
    Ramsey & Ehrlich LLP

14  803 Hearst Ave.
    Berkeley, CA 94710

15  Attorney for Defendants Viper Capital Management, LLC,
    Compass Fund Management, LLC, and Edward Sewon Ehee and

16  Relief Defendants Compass West Fund, LP, Viper Founders Fund, LP and Viper Investments,

17  Albert Ehee
    8449 Canterberry Dr.

18  Burr Ridge, IL 60527
    Pro se relief defendant

19
    Jennifer Ehee

20  6122 Acacia Ave.
    Oakland, CA 94618

21  Pro se relief defendant

22  Thomas B. Mayhew
    Farella Braun & Martel

23  235 Montgomery St., 30th Floor
    San Francisco, Ca 94104

24  &
    Arthur Greenspan, Esq.

25  Richards, Kibbe & Orbe LLP
    One World Financial Center

26  New York, NY 10281
    Attorneys for Relief Defendant Robert Ehee

27
    James D. Wood

28  Law Offices of James D. Wood

3675 Mt. Diablo Blvd., #250
Lafayette, CA 94549-3775
Counsel for Debtor Edward Sewon Ehee

Christopher M. Desiderio
Nixon Peabody LLP
437 Madison Ave.
New York, NY 10022-7001
Counsel for Petititioning Creditor Roosevelt Fund, L.P.

James S. Monroe
Law Offices of Nixon Peabody
2 Embarcadero Center #2700
San Francisco, Ca 94111-3996
Counsel for Petititioning Creditor Roosevelt Fund, L.P.

Richard C. Pedone
Nixon Peabody LLP
100 Summer St.
Boston, MA 02110-2131
Counsel for Petititioning Creditor Roosevelt Fund, L.P.

Alan Steven Wolf
Daniel K. Fujimoto
Th Wolf Law Firm
38 Corporate Park
Irvine, CA 92606
Attorney for Creditor EMC Mortgage Corporation

Laurent Chen
Office of the U.S. Trustee
1301 Clay St.
Oakland, CA 94612

I served true and correct copies via U.S. Mail addressed to the following:

eCast Settlement Corporation
P.O. Box 35480
Newark, NJ 07193-5480

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on April 30, 2007.

Janet L. Johnston

ORIGINAL

1  HELANE L. MORRISON (Cal. Bar No. 127752)
   JOHN S. YUN (Cal Bar No. 112260)
2    yunj@sec.gov
   ROBERT S. LEACH (Cal. Bar No. 196191)
3    leachr@sec.gov
   XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)
4    vasquezc@sec.gov
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
6  San Francisco, California 94104
   Telephone: (415) 705-2500
7  Facsimile: (415) 705-2501

*FILED*
2007 APR 30 PM 3: 38
U.S. BANKRUPTCY
NORTHERN DIST. COURT
OAKLAND, CA. OF CA.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | SECURITIES AND EXCHANGE COMMISSION, | Case No.

12 |              Movant,

13 |       v.                              | NOTICE OF PENDENCY OF OTHER
                                          | ACTION OR PROCEEDING

14 | EDWARD SEWON EHEE, COMPASS FUND       | Local Rule 3-13
   | MANAGEMENT, LLC, and COMPASS WEST
15 | FUND LP,

16 |              Debtors

17

18 | In re                                 | Case No. 07-40126T

19 | EDWARD SEWON EHEE,                     | (Involuntary Chapter 7)

20 |              Debtor

21

22 | In re                                 | Case No. 07-40129

23 | COMPASS FUND MANAGEMENT, LLC,          | (Involuntary Chapter 7)

24 |              Debtor

25

26 | In re                                 | Case No. 07-40130

27 | COMPASS WEST FUND, L.P.,               | (Involuntary Chapter 7)

28 |              Debtor

I hereby certify that the foregoing/annexed
instrument is a full, true and correct copy
of the ... of.

                                        1

                                        NTC. OF PENDENCY OF OTHER ACTION

MAY 0 4 2007

1         The Securities & Exchange Commission ("Commission") notes that the following actions are

2 related to this matter:

3         *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal. (San

4 Francisco Division)) (filed November 8, 2006) (the "SEC Action"). The Commission filed this

5 action against Edward Sewon Ehee ("Ehee"), Compass Fund Management, LLC ("Compass

6 Management"), and Compass West Fund LP ("Compass West") (as a relief defendant), among

7 others, alleging violations of the federal securities laws. The motion filed concurrently with this

8 notice requests that the motion be assigned to Judge Illston to be heard because the SEC Action and

9 the other actions listed below are related and should be assigned to the same court pursuant to 28

10 U.S.C. § 157(d).

11         *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 SI (N.D. Cal.

12 (San Francisco Division)) (filed November 22, 2006) (the "AAG Action"). AAG Roosevelt Fund,

13 L.P. ("AAG"), an investor of Ehee and Compass Management, filed this complaint against Ehee and

14 his management companies alleging violations of the federal securities laws and other state law

15 claims. The factual basis for the AAG complaint was largely derivative of the SEC action. On

16 January 9, 2007, Judge Illston ordered the AAG Action assigned to her courtroom.

17         *In the Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal. (Oakland Division))

18 (filed January 12, 2007). AAG filed this involuntary petition for Chapter 7 bankruptcy. The motion

19 filed concurrently with this notice requests that this bankruptcy matter be assigned to Judge Illston

20 pursuant to 28 U.S.C. § 157(d).

21         *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129 (N.D. Cal. (Oakland

22 Division)) (filed January 12, 2007). AAG filed this involuntary petition for Chapter 7 bankruptcy.

23 The motion filed concurrently with this notice requests that this bankruptcy matter be assigned to

24 Judge Illston pursuant to 28 U.S.C. § 157(d).

25         *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal. (Oakland

26 Division)) (filed January 12, 2007). AAG filed this involuntary petition for Chapter 7 bankruptcy.

27 The motion filed concurrently with this notice requests that this bankruptcy matter be assigned to

28 Judge Illston pursuant to 28 U.S.C. § 157(d).

1 | Dated: April 30, 2007

Respectfully submitted,

Helane L Morrison
John S. Yun
Robert S. Leach
Xavier Carlos Vasquez
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  HELANE L. MORRISON (Cal. Bar No. 127752)
   JOHN S. YUN (Cal Bar No. 112260)
2    yunj@sec.gov
   ROBERT S. LEACH (Cal. Bar No. 196191)
3    leachr@sec.gov
   XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)
4    vasquezc@sec.gov
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
6  San Francisco, California  94104
   Telephone: (415) 705-2500
7  Facsimile: (415) 705-2501

FILED
2007 APR 30 PM 3: 38
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| 12           Movant, | |
| 13           v. | SECURITIES AND EXCHANGE COMMISSION'S MOTION TO WITHDRAW THE REFERENCE OF THE BANKRUPTCY CASES OF EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC AND COMPASS WEST FUND, L.P.; MEMORANDUM OF POINTS AND AUTHORITIES |
| 14   EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC, and COMPASS WEST FUND LP, | |
| 15 | |
| 16           Debtors | |
| 17 | 28 U.S.C. § 157(d) Local Rule 5011-2 |
| 18 | |
| 19 | Hearing Date:   TBD |
| 20   In re | Case No. 07-40126T |
| 21   EDWARD SEWON EHEE, | (Involuntary Chapter 7) |
| 22           Debtor | |
| 23 | |
| 24   In re | Case No. 07-40129 |
| 25   COMPASS FUND MANAGEMENT, LLC, | (Involuntary Chapter 7) |
| 26           Debtor | |

27   I hereby certify that the foregoing/annexed
     instru... ... ... ... ... of the
28   origin... ... ... ... ... ...dit.
     Date...

                                         1

MAY 0 4 2007

By: _____
          Deputy Clerk

In re

COMPASS WEST FUND, L.P.,

        Debtor

Case No. 07-40130

(Involuntary Chapter 7)

SEC MEMORANDUM IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  **MOTION**

3    The Securities and Exchange Commission ("Commission") hereby requests that the

4  district court withdraw the reference of the three above-captioned bankruptcy cases on the

5  grounds that (1) consideration of the issues in these cases will require consideration of both title

6  11 and other laws of the United States regulating organizations or activities affecting interstate

7  commerce, already being considering by the Honorable Susan Illston in *SEC v. Viper Capital*

8  *Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal. (San Francisco Division)), as to

9  which the Commission has filed concurrently herewith a Notice of Pendency of Other Action or

10  Proceeding; and (2) for cause, including issues of judicial economy, as more particularly set

11  forth in the accompanying memorandum of points and authorities.

12    Wherefore, the Commission hereby requests that the reference to the bankruptcy court

13  of *In the Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal.), *In the Matter of*

14  *Compass Fund Management, LLC*, Case No. 07-40129 (N.D. Cal.), and *In the Matter of*

15  *Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.) be withdrawn, and that these matters

16  be assigned to the Honorable Susan Illston.

17  Dated: April 30, 2007      Respectfully submitted,

18

19

20               Helane L Morrison
             John S. Yun

21               Robert S. Leach
             Xavier Carlos Vasquez

22               Attorneys for Plaintiff
             SECURITIES AND EXCHANGE COMMISSION

23

24

25

26

27

28

i

1

**INTRODUCTION**

2    The Securities and Exchange Commission ("Commission") submits this memorandum in

3    support of its motion to withdraw the reference of the bankruptcy cases filed for Edward Sewon Ehee

4    ("Ehee"), Compass Fund Management, LLC ("Compass Management"), and Compass West Fund LP

5    ("Compass West") (collectively, the "Ehee Defendants") and assign those actions to the Honorable

6    Judge Susan Illston.  Two related matters involving these parties are currently before Judge Illston

7    now.  On November 8, 2006, the Commission filed an action against Ehee, Compass Management

8    and Compass West (as a relief defendant), among others, alleging violations of the federal securities

9    laws.  *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal.) (the "SEC

10   Action").  At that time, Judge Illston granted the Commission's motion for a temporary restraining

11   order, enjoined the Ehee Defendants from further securities law violations, and froze their assets.  On

12   November 22, 2006, one of Ehee's investors, AAG Roosevelt Fund, L.P. ("AAG") filed a complaint

13   against Ehee and his management companies alleging violations of the federal securities laws and

14   other state law claims.  *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270

15   SI (N.D. Cal.) (the "AAG Action").  Both actions are now before Judge Illston.

16   Over two months after the SEC filed its action, AAG filed involuntary Chapter 7 bankruptcy

17   petitions against each of the three Ehee Defendants.  *In the Matter of Edward Sewon Ehee*, Case No.

18   07-40126T (N.D. Cal.); *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129

19   (N.D. Cal.); *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.).  The

20   involuntary bankruptcy actions against the Ehee Defendants threaten to interfere with the district

21   court's pre-existing and well-publicized asset freeze order over those parties, undermine the proper

22   distribution of funds to investors, and waste the remaining assets of the Ehee Defendants' estates.

23   Accordingly, the Commission respectfully requests that this motion be assigned to Judge Illston, that

24   the district court withdraw the reference of the Ehee Defendants' bankruptcy actions to the

25   bankruptcy court, and that the bankruptcy actions be assigned to Judge Illston's chambers where they

26   can be dismissed or coordinated with the other two, pre-existing actions involving the Ehee

27   Defendants.  The Commission has filed its Notice of Pendency of Other Action or Proceeding

28   concurrently herewith.

1

1  I.    **STATEMENT OF FACTS**

2     A.    **Defendants**

3        On November 8, 2006, the Commission filed an action against the Ehee Defendants seeking a

4  temporary restraining order prohibiting further securities law violations and an order freezing the

5  Ehee Defendants' assets so that they could be preserved for distribution to investors. *SEC v. Viper*

6  *Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal.). In the SEC Action, the

7  Commission alleged in its complaint that Ehee and the two investment management funds he

8  operates misled investors about their investments by, among other things, issuing false and

9  misleading performance results, fraudulent monthly account statements, and phony fund audit

10 reports. Ehee then converted investor funds to personal use or used them to pay off earlier investors

11 as is typical in a "Ponzi" scheme.

12       On November 8, 2006, the district court in the SEC Action granted the Commission's request

13 for a temporary restraining order, enjoined defendants from further securities law violations, and

14 froze their assets. Section IV of the temporary restraining order specifically addressed the sale of

15 defendant Ehee's real property:  it provided a mechanism for sale of such property and further

16 provided that proceeds from any sale be delivered to the district court's registry. Shortly thereafter,

17 the parties stipulated to a preliminary injunction order, and on November 22, 2006, the district court

18 entered the order (the "Preliminary Injunction Order"), which, among other things, contained the

19 same provision for the freeze of assets and sale of real property as the temporary restraining order.

20 Thus, the district court in the SEC Action has exercised jurisdiction over Ehee's real property,

21 including the proceeds of any sale thereon, along with any bank or brokerage accounts. Ehee has

22 proposed selling his house and using the proceeds to partially compensate investors in this action.

23       On November 22, 2006, one of Ehee's investors, AAG Roosevelt Fund, L.P. ("AAG"), a

24 hedge fund managed by an investment adviser in Marin County, filed a complaint against Ehee and

25 his management companies alleging violations of the federal securities laws and other state law

26 claims. *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 (N.D. Cal.).

27 The factual basis for the AAG complaint was largely derivative of the SEC action. On January 9,

28 2007, Judge Illston ordered the AAG Action assigned to her courtroom.

SEC MEMORANDUM IN SUPPORT OF
                                                           MOTION TO WITHDRAW REFERENCE

1      On January 12, 2007, over two months after the Commission filed its action, AAG filed

2  Chapter 7 involuntary petitions against Ehee, Compass Management and Compass Fund. *See In the*

3  *Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal.); *In the Matter of Compass Fund*

4  *Management, LLC*, Case No. 07-40129) (N.D. Cal.); *In the Matter of Compass West Fund, L.P.*, Case

5  No. 07-40130 (N.D. Cal.).[1]  Although AAG's involuntary petition referenced the SEC and AAG

6  Actions, AAG did not advise the bankruptcy court of the asset freeze in the Preliminary Injunction

7  Order in the SEC Action.  Ehee is contesting the involuntary bankruptcy petition.  Compass

8  Management and Compass West appear defunct.  Ehee's sole asset appears to be his house and only

9  two creditors have appeared in his bankruptcy action that are not investors (one is a mortgage

10  company).

11      AAG's counsel has represented that AAG's purpose in filing the bankruptcy petitions was to

12  have a bankruptcy trustee appointed to sue other investors and seek the return of any investment

13  funds they received from the Ehee Defendants. (Vasquez Decl. ¶ 6.)  To date, however, AAG has

14  provided no evidence of a sound basis for its theory that investors received funds in bad faith.  AAG

15  proposes to use the proceeds from the sale of Ehee's house to fund the proposed litigation against the

16  other investors.  Accordingly, the bankruptcy action has the distinct possibility of wasting the one

17  viable asset that may be used to compensate investors – an asset over which the district court in the

18  SEC Action has already asserted jurisdiction.

19  **II.    ARGUMENT**

20      District courts have original jurisdiction over bankruptcy cases and proceedings.  28 U.S.C.

21  § 1334(a).  District courts, however, may refer bankruptcy actions and proceedings to bankruptcy

22  court:

23

24  ────────────────────

[1] The automatic stay provisions of the bankruptcy code do not apply to the SEC Action because it
25  was brought by a government agency. *See* 11 U.S.C. § 362(b)(4).  Nevertheless, AAG's counsel has
   asserted that the SEC Action is stayed and that Ehee's house is an asset exclusively within the
26  jurisdiction of the bankruptcy court. (Declaration of Xavier Carlos Vasquez In Support of Securities
   and Exchange Commission's Memorandum of Points and Authorities in Support of Motion to
27  Withdraw the Reference of the Bankruptcy Cases of Edward Sewon Ehee, Compass Fund
28  Management, LLC, and Compass Fund West, LP ("Vasquez Decl.") ¶ 5.)

SEC MEMORANDUM IN SUPPORT OF
                                          MOTION TO WITHDRAW REFERENCE

1               Each district may provide that any or all cases under Title 11 and any

2               or all proceedings arising under Title 11 or arising in or related to a

3               case under Title 11 shall be referred to the bankruptcy judges for the

4               district.

5 28 U.S.C. § 157(a). Like most districts courts, the District Court for the Northern District of

6 California has referred all bankruptcy cases and proceedings to the Northern District Bankruptcy

7 Court. N.D. Cal. General Order No. 24, Part 1.01.

8        Although a district court may refer a bankruptcy case or proceeding to bankruptcy court, it

9 may likewise withdraw that reference in whole or in part under 28 U.S.C. § 157(d):

10               The district court may withdraw, in whole or in part, any case or

11               proceeding referred under this section [to the bankruptcy court], on its

12               own motion or on timely motion of any party, for cause shown. The

13               district court, shall, on a timely motion of a party, so withdraw a

14               proceeding if the court determines that resolution of the proceeding

15               requires consideration of both title 11 and other laws of the United

16               States regulating organizations or activities affecting interstate

17               commerce.

18 Accordingly, withdrawal of the reference is mandatory if the district court determines that resolution

19 of the bankruptcy action requires consideration of both the Bankruptcy Code and other federal laws.

20 Otherwise, withdrawal is permissive if good cause is shown.

21        For the reasons discussed below, Section 157(d) mandates withdrawal of the reference of the

22 Ehee Defendants' involuntary bankruptcy actions, because resolution of the claims will involve

23 consideration of the district court's asset freeze order in the SEC action and the federal securities

24 laws. Alternatively, good cause exists to permit the Court to withdraw the references.

25        **A.**    **Withdrawal of the Reference Is Mandatory**

26        Section 157(d) provides that a district court "shall" withdraw the reference to the bankruptcy

27 court when the resolution of the bankruptcy case would require consideration of both the bankruptcy

28 code and other federal laws. The Ninth Circuit has instructed that withdrawal is mandatory "in cases

4

1    requiring material consideration of non-bankruptcy federal law." *Security Farms v. Int'l Bhd of*

2    *Teamsters*, 124 F.3d 999, 1007 (9th Cir. 1997). Where bankruptcy proceedings implicate the federal

3    securities laws, district courts generally have granted withdrawal motions. *See, e.g., In re*

4    *Contemporary Lithographers, Inc.*, 127 B.R. 122, 127 (M.D.N.C. 1991); *In re American Solar King*

5    *Corp.*, 92 B.R. 207, 210-11 (W.D. Tex. 1988); *Price v. Craddock*, 85 B.R. 570, 573 (D. Colo. 1988).

6    Withdrawal is mandatory in this case because the district court has asserted jurisdiction over Ehee's

7    real property and because any claims against shareholders for disgorgement of earlier distributions

8    would foreseeably involve application of the federal securities laws.

9        Withdrawal has been found mandatory where the court must determine application of the

10   automatic stay provisions of the Bankruptcy Code to a government enforcement proceeding. *See In*

11   *re Chateaugay Corp.*, 86 B.R. 33, 37 (S.D.N.Y. 1987). AAG's counsel has asserted that the

12   automatic stay provisions of the Bankruptcy Code stay the SEC Action, even going so far as to argue

13   that the parties in that action were prohibited from participating in a court-ordered settlement

14   conference. (Vasquez Decl. ¶ 5.) As a matter of law, AAG is wrong. *See* 11 U.S.C. 362(b)(4)

15   (exemption from stay actions by government agencies to enforce the agency's police or regulatory

16   power); *SEC v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001) (holding SEC action not stayed by

17   bankruptcy code). Although the Commission believes AAG's position is without merit, that decision

18   is one that should be determined by a district court rather than a bankruptcy court.

19       Withdrawal also has been held mandatory where, as here, proper distribution of proceeds

20   requires consideration of both bankruptcy law and the federal securities laws. *See In re Daisy*

21   *Systems Sec. Litig.*, 132 B.R. 752, 756 (N.D. Cal. 1991). The Commission would propose

22   distributing any disgorgement ordered in the SEC Action to the Ehee Defendants' investors in an

23   equitable manner as developed by case law interpreting the federal securities laws. Many of the

24   creditors in the Ehee Defendants' bankruptcy actions will likely also be investors, who would receive

25   distributions under a potentially conflicting system of distribution provided for in the bankruptcy

26   code. Any proper distribution would therefore require reconciliation of the competing systems to

27   ensure just and equitable distribution of funds to investors.

28

1    AAG's proposed fraudulent conveyance litigation also would necessarily implicate the federal

2   securities law. As the Commission staff understands it, AAG proposes that a Chapter 7 trustee

3   litigate against investors who may have received partial or complete returns on their investments

4   from Ehee under a "fraudulent conveyance" theory. AAG would be required to show that Ehee acted

5   in bad faith when he returned the investments (presumably by showing he was aware he was

6   operating a Ponzi scheme). And such investors would not be required to returns any funds in excess

7   of their invested principal if they can prove they accepted the funds in good faith (for example,

8   pursuant to an investment contract and without any knowledge of the scheme). *See Hayes v. Palm*

9   *Seedlings Partners*, 916 F.2d 528, 534-36 (9th Cir. 1990). These determinations would necessarily

10   implicate the Ehee Defendants' fraudulent intentions, the investors' reasons for investing, statements

11   made to the investors and whether they believed them, the source of funds used to pay investors, what

12   the investor understood concerning repayment, and any information the investor may have had

13   concerning whether the Ehee Defendants were operating a fraudulent scheme. Each of these

14   determinations is necessarily entwined with the SEC Action and the federal securities laws.

15   Accordingly, the bankruptcy action will require material consideration of the federal securities laws.

16        **B.    Permissive Withdrawal of the Reference Is Appropriate**

17        Even if withdrawal of the reference is not mandatory, this Court is still permitted to, and

18   should, withdraw the reference. Section 157(d) permits the Court to withdraw the reference for cause

19   shown. The Ninth Circuit has held that in determining whether cause exists, the district court should

20   consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of

21   bankruptcy administration, the prevention of forum shopping, and other related factors." *Security*

22   *Farms*, 124 F.3d at 1008. These factors warrant permissive withdrawal.

23        **1.    Efficient Use of Judicial Resources**

24        As discussed above, there is substantial overlap between the bankruptcy action and this action

25   such that withdrawal of the reference will promote judicial economy. *See In re Wedtech Corp.*, 81

26   B.R. 237, 239 (S.D.N.Y. 1987) (holding when bankruptcy action involves common issues of law and

27   fact with the case pending in district court, "the overlapping of facts, transactions and issues in the

28   two cases . . . is good cause for withdrawal of the reference and consolidation with the district court

1  proceeding.") Both courts may need to determine jurisdiction over Ehee's real property, whether he
2  acted fraudulently, whether investors were misled, any costs to be assessed against Ehee's assets, and
3  how to distribute funds to investors. Withdrawal is thus appropriate. *See, e.g., In re First Alliance*
4  *Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (withdrawing bankruptcy proceeding in part because
5  issues concerning debtor's lending practices were already to be determined by district court in FTC's
6  substantive action); *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 756 (W.D.
7  Ky. 1995) (holding "[p]reservation of judicial resources . . . mandates" withdrawal of the reference in
8  part with district court will "have clear command over the same core of facts relevant to both
9  proceedings").

10       Moreover, withdrawal is proper because it is possible that the two courts will order separate,
11  inconsistent plans for distribution of the Ehee Defendants' assets. *See Congress Credit Corp v. AJC*
12  *Int'l Inc.*, 42 F.3d 686, 690 (1st Cir. 1994) (holding that where actions have similar facts, rather than
13  invite "divide and conquer strategy," bankruptcy action should be moved to district court pursuant to
14  Section 157(d) so the claims can be resolved "without the distraction of conceivable double or
15  conflicting recoveries in different courts").

16              **2.    Delay and Costs to the Parties**

17       The SEC Action was filed over two months before the involuntary bankruptcy actions were
18  filed and is further along than the bankruptcy actions. Assigning the bankruptcy actions to the same
19  Court with the SEC and AAG Actions will not delay any of those actions or add additional costs to
20  the parties. To the contrary, it may reduce costs by reducing overlapping motions on the same issues.

21              **3.    Uniformity of Administration**

22       The uniformity of bankruptcy administration will be assisted by having one court decide
23  whether the asset freeze applies to this action and whether Ehee's real property is subject to the
24  jurisdiction of this court. Those questions also properly belong before the District Court.

25              **4.    Preventing Forum Shopping**

26       AAG apparently filed the involuntary bankruptcy proceedings to make an end run around this
27  Court's asset freeze order and use the proceeds from the sale of Ehee's house to fund unsubstantiated
28  claims against other investors. AAG has already filed a separate action against Ehee, which is now

1  before the same court as the SEC action, and could use that action to seek discovery against other

2  investors. Rather than incur that cost, AAG seeks to use the bankruptcy court to jeopardize Ehee's

3  one viable asset for AAG's own purposes rather than preserve it for all investors. Withdrawal is

4  appropriate to discourage such blatant forum shopping. *See Wechsler v. Squadron, Ellenoff, Plesent*

5  *& Sheinfeld LLP*, 201 B.R. 635, 641 (S.D.N.Y. 1996) (holding withdrawal appropriate whether

6  bankruptcy action filed to avoid district court decisions).

7      Accordingly, for the reasons discussed above, both mandatory and permissive withdrawals of

8  the references are appropriate.

9  **III.    CONCLUSION**

10      For the foregoing reasons, the Commission respectfully request that this Court withdraw the

11  references for the Ehee Defendant's bankruptcy actions and assign those actions to this Court.

12  Dated:  April 30, 2007                    Respectfully submitted,

13

14

15                                          Helane L Morrison
                                            John S. Yun
16                                          Robert S. Leach
                                            Xavier Carlos Vasquez
17                                          Attorneys for Plaintiff
                                            SECURITIES AND EXCHANGE COMMISSION

18

19

20

21

22

23

24

25

26

27

28