1   Paul J. Byrne, Esq. (State Bar Number: 190860)
    NIXON PEABODY LLP
2   One Embarcadero Center, Suite 1800
    San Francisco, CA 94111-3996
3   Telephone: (415) 984-8200
    Facsimile: (415) 984-8300
4   E-mail:  pbyrne@nixonpeabody.com

5   Richard Pedone (*Admitted Pro Hac Vice*)
    NIXON PEABODY LLP
6   100 Summer Street
    Boston, MA  02110-2131
7   Tel:  (617) 345-1000
    Fax: (617) 345-1300
8   E-Mail:  rpedone@nixonpeabody.com

9

    Attorneys for Creditor, Roosevelt Fund, L.P.
10

11                  IN THE UNITED STATES DISTRICT COURT

12                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
                              (San Francisco Division)
13

14   | SECURITIES AND EXCHANGE | Nos. C 06-06966 SI; 06-07270 SI and |
     | COMMISSION, | C 07-02507 SI; C 07-02508 SI; C 07-2509 SI |

15   |            Plaintiff, | |
     |     v. | **ROOSEVELT FUND'S OPPOSITION TO** |

16   | | **EDWARD EHEE'S MOTION FOR ORDER** |
     | VIPER CAPITAL MANAGEMENT, | **AUTHORIZING FILING OF HOMESTEAD** |

17   | LLC, et. al, | **DECLARATION** |
     |            Defendants. | |

18   |        and | |

19   | COMPASS WEST FUND, et al., | |

20   |            Relief Defendants. | |

     | In re: |

21

     | EDWARD SEWON EHEE, |
22   |            Debtor. |

     | In re: |
23

     | COMPASS FUND MANAGEMENT, |
24   |            Debtor. |

     | In re: |
25

     | COMPASS WEST FUND L.P., |
26   |            Debtor. |

27

28

Roosevelt Fund, L.P. ("Roosevelt Fund")[1] by and through its counsel, Nixon Peabody LLP, hereby files its opposition (the "Opposition") to the motion of Edward Sewon Ehee's ("Ehee") for an order authorizing the filing of a homestead declaration (the "Homestead Motion"). In support of this Opposition, Roosevelt Fund respectfully states as follows:

## I.    FACTUAL BACKGROUND

On November 11, 2006, the SEC initiated an action against Viper Capital Management, LLC, Compass Fund Management, LLC, Edward Ehee, Compass West Fund, LP, Viper Founders Fund, LP, Viper Investments, LP, Albert Ehee, Robert Ehee, and Jennifer Ehee alleging various securities fraud violations, in the United States District Court for the Northern District of California (San Francisco Division), Case No. 06-06966 (the "SEC Litigation").

On November, 22, 2006, Roosevelt Fund filed a complaint (the "Complaint") against Edward Sewon Ehee, Compass Fund Management, LLC and Compass West Fund, L.P. (the "Debtors")[2] alleging, *inter alia*, violation of federal securities laws; breach of contact; unjust enrichment; breach of fiduciary duty; fraud; conspiracy to commit fraud; negligent misrepresentation; fraudulent conveyance; constructive fraudulent conveyance; violation of Cal. Bus. & Prof. Code §17200; constructive trust; and seeking declaratory relief, in the United States District Court for the Northern District of California (San Francisco Division) Case No. 06-7270. The Debtors failed to answer the Complaint and are subject to default pursuant to Fed. R. Civ. P. 55.

On January 12, 2007 (the "Petition Date"), Roosevelt Fund filed involuntary petitions against all three of the Debtors under chapter 7 of the Bankruptcy Code (the above-captioned bankruptcy cases are collectively referred to as the "Bankruptcy Cases").

---

[1]    Roosevelt Fund, L.P. was previously known as A.A.G. Roosevelt Fund, L.P. and its official corporate name was previously Anira Advisory Group Roosevelt Fund, L.P.

[2]    Upon information and belief, Compass Fund Management, LLC and Compass West Fund L.P. are entities that were owned and/or controlled by the Mr. Ehee.

On or about June 22, 2007, this Court withdrew the reference of the Bankruptcy Cases and the Bankruptcy Cases are now pending before this Court.

On June 11, 2007, Ehee filed the Homestead Motion seeking Court authority to file a declaration of homestead on a property located at 6122 Acacia Drive, Oakland, CA.

## II.    **OBJECTION**

In the Homestead Motion Ehee argues that he should be given authority to file a homestead declaration because, in certain circumstances, under certain theories of potentially unsettled law, he might not be able to shield equity in his home from creditors such as Roosevelt if he "voluntarily" sells the home.  Specifically, Ehee states that under certain circumstances he might not be able to shield the "proceeds" of a voluntary sale.  It is Roosevelt's position that under no circumstances should this Court condone, let-alone affirmatively authorize, Ehee to shield his assets.  No provision of the Bankruptcy Code authorizes Ehee to file a homestead declaration at this time.  If circumstances arise where, in connection with a contemplated sale where all proceeds after satisfaction of valid liens will be set aside for defrauded investors, it becomes advisable to allow Ehee to file a homestead, then perhaps a Court authorized filing at that time might make sense.  However, today, where Ehee has not yet finally agreed to a settlement with the SEC, such circumstances do not exist.

At this time, no grounds for the Allowance of the Homestead Motion that could benefit Ehee's creditors have been established.  Accordingly, the status quo should be preserved by the denial of the Homestead Motion without prejudice.[3]

\\\

\\\

\\\

---

[3] It remains Roosevelt's position that Ehee's real property should be listed for sale, and sold, as soon a practicable without adversely impacting the sale price.  Roosevelt reserves its right pursuant to 11 U.S.C. § 303(g) to move to for the appointment of an interim trustee who would place the property on the market.

WHEREFORE, Roosevelt Fund respectfully requests that this Court: (a) deny the relief requested in the Homestead Motion without prejudice; and, (b) grant such other further relief as is just and proper.

Dated:  July 6, 2007

Respectfully Submitted,

NIXON PEABODY LLP

By:_____/s/_____
    RICHARD PEDONE
    PAUL J. BYRNE
    Attorneys for Creditor,
    Roosevelt Fund, L.P.